Municipal Employes Insurance Association of Chicago, Appellant, v. Mary Udally Taylor, Formerly Known as Mary Udally, Appellee.

### Gen. No. 40,429.

Opinion filed April 26, 1939.

ROBERT M. KRONE, of Chicago, for appellant.

CORNELIUS R. PALMER, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from an order entered in the circuit court of Cook county, dismissing

the plaintiff's complaint for want of equity. The complaint is for the cancellation and rescission of a certificate of insurance held by the defendant as beneficiary.

The complaint is substantially as follows: That the plaintiff is a corporation duly licensed and existing under and by virtue of the laws of the State of Illinois, and that it brings its complaint against Mary Udally Taylor, defendant; that on or about the 2nd day of July, 1937, one Frank Udally, applied to the plaintiff for a $1,000 policy of insurance upon his life; that the wife of the insured, the defendant herein, was named the beneficiary in said insurance policy; that Frank Udally signed an application for insurance, and that the application contained the following agreement:

"It is agreed that the insurance hereby applied for shall not take effect until a policy is issued and delivered by the Association and the first premium paid thereon in full, during the lifetime and good health of the applicant whose life is proposed for insurance."

In the application for insurance the following question was asked and the following answer given:

"Q. 17. HEALTH RECORD. Have you within the past five years received treatment or consulted any physician or practitioner?

"A. None."

The further question was asked:

"Q. Have you ever had or consulted a physician for: Rheumatism, Influenza, Cancer, Tumor, Syphilis, Tuberculosis of any part of the Body, disease of Heart or blood vessels, any affection of the Chest or Throat, Stomach or Bowel trouble, Indigestion, Appendicitis, Painful Urination, Any Disease of Kidneys or Bladder, Dysentery, Brain or Nervous System, Fits, Paralysis, Nervous Breakdown, Insanity, Ear Trouble, or Surgical Operations?

"A. No."

And the further question:

"Q. Have you now, or have you ever had, any disease, deformity, accident or injury other than listed above?

"A. No." That relying upon the answers of the insured to the questions, the plaintiff issued to him its certificate of insurance No. 1728 of group policy No. 1, for $1,000, and the insured having paid the premium due for the first quarter, in the sum of $3.75, the policy of insurance was delivered to him; that on September 30, 1937, the plaintiff accepted the premium of $3.75 for the succeeding quarter; that the answers in the application for insurance were made by the applicant, Frank Udally, and that all answers were false and fraudulent and made with the intent to defraud the plaintiff; that while the said Frank Udally answered he had not received treatment from a physician within the five years preceding the making of this application he had in fact been treated on numerous occasions during that period for cirrhosis of the liver and cystitis, as more fully set out in the complaint; that had the plaintiff been aware of the falsity of the answers it would not have issued the certificate of insurance to Frank Udally; that the certificate of insurance is void by reason of the concealment by Frank Udally of the true facts with reference to the state of his health; that by reason thereof the said application and certificate never became effective as a binding contract between the plaintiff and Frank Udally.

It further appears in this statement that Frank Udally died on October 4, 1937, at the Edward Hines Hospital, Hines, Illinois; that the cause of death was uremia, and the other contributing causes were cirrhosis of the liver, secondary anemia and cardiac enlargement; that the diseases were and had been chronic and that Frank Udally knew that the answers set forth in the application were false and fraudulent; that on

or about October 25, 1937, proof of death was presented to the plaintiff by the defendant, as beneficiary, for the payment of the face value of the certificate, $1,000; that the plaintiff did not know at the time the certificate was issued or at any time thereafter until about February 10, 1938, that Frank Udally had been treated by a certain Dr. Scubczynski for cirrhosis of the liver; that it did not know until March 4, 1938, that Frank Udally had been treated by a certain Dr. Lescher for a bladder disorder and for a cold; that the plaintiff, on or about February 24, 1938, made tender of $7.50 to the defendant, said sum being the total amount of premiums paid by or on behalf of Frank Udally, which tender was refused.

The complaint alleges that the plaintiff is without adequate remedy in the premises, except in a court of equity, and prays that the defendant be required to answer this complaint and show cause, if she has any, why the plaintiff may not have the relief prayed, and that the defendant Mary Udally Taylor be required to deliver the certificate of insurance to the plaintiff to be canceled, and further, that the insurance policy be declared by the court to be void and of no effect.

Thereafter the defendant made a motion to dismiss the complaint. From the record it appears that defendant's motion to dismiss was denied and the defendant was directed to file an answer within 20 days from the date of the filing of the order. Subsequently, another motion to dismiss the bill of complaint was filed on May 13, 1938, upon the ground that the plaintiff had a complete and adequate opportunity at law to contest the policy and present its defense; and further, that the issue involved in this cause is an issue of fact and law and can properly be decided in a court of law, where the defendant will have the opportunity to have a trial by jury, and upon other grounds appearing in the motion.

After considering this motion the court entered an order that the plaintiff's suit be dismissed for want of equity, which order the plaintiff contends was erroneous.

It appears from the record that a previous motion, which was presented by the defendant to dismiss the complaint upon the grounds specified, was denied by the court on May 10, 1938. The order is as follows:

"It is ordered that defendant's motion to dismiss the complaint in Equity be and the same is hereby denied. It is further ordered that defendant answer said complaint within 20 days of this date." Subsequently the defendant presented a like motion on May 12, 1938, to dismiss the plaintiff's complaint, which was filed without leave having been granted, but the court later on June 21, 1938, considered this motion notwithstanding the defendant was not granted leave to file a like motion upon the questions involved, and the court after hearing both parties, who filed briefs on the questions involved, entered this motion:

"BE IT, and it is hereby ORDERED, ADJUDGED AND DECREED that the Bill of Complaint in said cause be, and the same is hereby dismissed for want of equity, at the costs of said plaintiff."

To this order the plaintiff takes exception and prays an appeal, and urges as a ground that the question involved here is whether or not the present Civil Practice Act limits the defendant as to the number of motions to dismiss which may be filed in the cause on the same or similar grounds after a denial by the court of the defendant's first motion, and that under the Civil Practice Act Ill. Rev. Stat. 1937, ch. 110, sec. 169 [Jones Ill. Stats. Ann. 104.045], objections to the pleading are to be raised by motion, which is to be considered in the place of a demurrer as was formerly the practice in disposing of cases upon that point. Being a general demurrer, this motion admits the facts that are well pleaded.

It is to be noted that the order of the court disposing of the first motion, sustained the motion of the plaintiff and then directed that defendant file its answer within the time fixed in the order, which is interlocutory, and not final, as the second order is where the court sustained the defendant's motion and dismissed the plaintiff's bill for want of equity.

Counsel for the plaintiff in this action relies upon the case of *Berry v. Turner,* 279 Ill. 338. It appears in the Appellate Court case, which is a writ of error proceeding, the defendant in error did not join in error but instead filed three special pleas in bar of the action, based upon the bankruptcy proceedings, as constituting a bar to the writ of error in the Appellate Court. . The plaintiff in error demurred to each of the pleas, and the Appellate Court sustained the demurrer as to the first plea and overruled the demurrer as to the second and third pleas. Thereupon the plaintiff in error filed a replication to each of said pleas, to which the defendant in error demurred. The court sustained the demurrer to each of the replications, denied the plaintiff in error leave to plead further, and entered judgment dismissing the writ of error and taxing the costs to the plaintiff in error. The Supreme Court said:

"It is also urged that the court erred in denying leave to plead over after demurrer sustained to the replications. The courts are invested with broad discretion in matters of this character, and where, as in this case, it is apparent that no attempt was made to raise any questions of fact on the issue tendered by the pleas by the replications thereto, we see no abuse of discretion in denying the motion for leave to plead over. Especially is this true where no showing is made in support of the motion for leave to plead over."

So that in the instant case it was a matter of discretion as to whether the trial court would consider the

motion that was subsequently presented. The court considered the motion and entered an order dismissing the plaintiff's bill for want of equity, from which order this appeal is taken. For the reason stated, the judgment of the court in dismissing the bill is affirmed.

*Judgment affirmed.*

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.