Nathaniel Rubinkam, Practicing Law as Hoyne, O'Connor and Rubinkam, Appellant, v. Dr. Robert Archibald MacArthur, Appellee.

Gen. No. 40,147.

Opinion filed October 31, 1939.

WILLIAM A. CANNON, of Chicago, for appellant.

JOHN W. BROWNING, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

An action for attorney's fees. The complaint consists of two counts, in each of which a separate and distinct cause of action is alleged. The trial court sustained defendant's second motion to dismiss count one and entered judgment thereon for defendant and against plaintiff. The judgment was entered on the pleadings. This appeal, by plaintiff, concerns only the first count.

Count one alleges that plaintiff is an attorney practicing law in Chicago under the name, style and description of Hoyne, O'Connor & Rubinkam; that on January 31, 1934, defendant, Dr. Robert Archibald MacArthur, engaged plaintiff's services as an attorney and requested him to render to defendant various

legal services in connection with the estate of Mary A. Prescott MacArthur, deceased; that plaintiff performed all such legal services as were requested of him by defendant "as executor of the estate of Mary A. Prescott MacArthur, deceased," which services were rendered from January 31, 1934, to December 31, 1936; that a petition for the issuance of letters testamentary in the estate was filed in the probate court of Cook county on January 31, 1934, and said letters issued on April 23, 1934; that the estate is still pending in said court; that immediately after plaintiff was so employed by defendant to represent the latter in his capacity as executor of the estate plaintiff proceeded to take all necessary steps in and about the opening of the estate, prepared and filed the inventory and did all other things necessary for the due and proper administration of the estate, which has a gross valuation of $400,000, consisting of various items of cash, stocks, bonds, real estate, and other property and securities; that the estate, because of the complicated character of the provisions of the will and the nature of the property included therein, required legal services of a highly specialized character and of a technical nature, together with a vast amount of clerical and office services in connection with the preparation of documents filed in the estate, legal research in connection with problems confronting the executor, preparation and compilation of figures concerning tax returns, and extensive estate accountings; that the reasonable, usual and customary charge for services rendered in an estate of this size, type and description, and for the nature and character of the work necessary and required for the probating of the estate during the period in question is the sum of $21,000; that there has been paid on account thereof by defendant to plaintiff the sum of $17,500, leaving a balance due and owing to plaintiff from defendant of $3,500, which amount defendant refuses to pay plaintiff, and therefore plaintiff

brings his suit. Defendant filed a motion asking that the first count be dismissed as an insufficient statement of a cause of action. The motion avers, *inter alia*, "that said count seeks recovery for services performed for the executor of a decedent's estate pending in the Probate Court of Cook County, Illinois; that any reasonable and necessary legal services rendered to the executor of a decedent's estate is chargeable against the assets of said estate; that the Probate Court of Cook County, Illinois, has complete jurisdiction of all the assets of said estate, and therefore any claim for services rendered to the executor of this estate should be asserted in the Probate Court of Cook County, Illinois, in which said estate is pending." Plaintiff then filed a pleading entitled, "Suggestions to the Court Amplifying Complaint at Law in the Above Entitled Cause." It contains, *inter alia,* the following:

## "Count I

"May it please the Court, the recital made in Count I stating the cause of action therein contained, alleges that there is due the plaintiff from the defendant, the net of Thirty-five hundred dollars after a payment of Seventeen thousand five hundred dollars on a claim of Twenty-one thousand dollars.

"The basis of the claim may be amplified by a payment made of Thirteen thousand five hundred dollars as per the report of David J. A. Hayes, special commissioner appointed by order of the Probate Court of Cook County, to fix and determine the fees of Robert Archibald MacArthur, executor, and Hoyne, O'Connor & Rubinkam, attorneys for said executor, to and including January 24, 1936, which report was approved by the Honorable John F. O'Connell, Probate Judge of Cook County, and further affirms that said sum covers payment for services to January 24, 1936.

"Plaintiff acknowledges a payment of Four thousand dollars on account of the claim for services rendered from January 24, 1936 to December 31, 1936, the date requested by defendant for plaintiff's withdrawal as attorneys.

"From January 24, 1936, to December 31, 1936, plaintiff has rendered services to defendant more detailed in part as follows:

"150 hours work by a member of the firm

"145 hours work by attorneys employed by said plaintiff firm, senior grade

"25 hours work by attorneys employed by said plaintiff firm, junior grade

on which services so rendered plaintiff acknowledges that there has been paid on account by defendant, Four thousand dollars, netting a balance of Thirty-five hundred dollars constituting plaintiff's claim in this count." Then follows a detailed statement of the services rendered to defendant by plaintiff "at the special instance and request of defendant as executor of the estate of Mary A. Prescott MacArthur, deceased, during the period from January 24, 1936, to and including December 31, 1936." Defendant then filed a second motion to dismiss count one, which motion and the affidavit in support of the same are as follows:

"Now comes the defendant, Robert Archibald MacArthur, by his attorney, John W. Browning, and asks that the first count of the complaint be dismissed for the reason that the cause of action is barred by a prior judgment.

"This defendant, Robert Archibald MacArthur, qualified as executor under the last will and testament of Mary A. Prescott MacArthur and letters testamentary were issued to him by the Probate Court of Cook County, Illinois and said estate is now pending in the Probate Court of Cook County, Illinois . . . ; that on to-wit, March 5, 1937, the plaintiff in this suit,

Nathaniel Rubinkam, filed his petition in the Probate Court of Cook County, Illinois, asking that the Probate Court allow him the additional sum of Thirty-Five Hundred Dollars for the identical services alleged to have been performed by him in the bill of complaint filed in this case; that Robert Archibald MacArthur filed his answer to said petition and that thereupon a hearing was had in the Probate Court of Cook County, Illinois, and an order was entered on June 23, 1937, by a Judge of the Probate Court of Cook County, Illinois, denying the petition of Nathaniel Rubinkam requesting said Thirty Five Hundred Dollars additional payment, copy of which order is attached to the accompanying affidavit. That thereupon Nathaniel Rubinkam excepted to the denial of said petition and prayed an appeal therefrom; that said appeal was allowed upon said Nathaniel Rubinkam filing a bond in the sum of Two Hundred and Fifty Dollars; that said bond was never filed, and said appeal was never perfected, and that the statutory time for making such an appeal has now expired.''

''State of Illinois⎱
County of Cook⎰ ss.

''Affidavit in Support of Motion to Dismiss
Count One of Bill of Complaint

''John W. Browning being first duly sworn, deposes and says that he is the attorney for Robert Archibald MacArthur, and the duly qualified agent in this behalf of Robert Archibald MacArthur; that the defendant, Robert Archibald MacArthur, qualified as executor under the last will and testament of Mary A. Prescott MacArthur and letters testamentary were issued to him by the Probate Court of Cook County, Illinois, and said estate is now pending in the Probate Court of Cook County, Illinois . . . ; that on to-wit, March 5, 1937, the plaintiff in this suit, Nathaniel Ru-

binkam, filed his petition in the Probate Court of Cook County, Illinois, asking that the Probate Court allow him the additional sum of Thirty Five Hundred Dollars for the identical services alleged to have been performed by him in the bill of complaint filed in this cause; that Robert Archibald MacArthur filed his answer to said petition and that thereupon a hearing was had in the Probate Court of Cook County, Illinois, and an order was entered on June 23, 1937, by a Judge of the Probate Court of Cook County, Illinois, denying the petition of Nathaniel Rubinkam requesting said Thirty Five Hundred Dollars additional payment, a copy of which order is hereto attached; that thereupon Nathaniel Rubinkam excepted to the denial of said petition and prayed an appeal therefrom; that said appeal was allowed upon said Nathaniel Rubinkam filing a bond in the sum of Two Hundred Fifty Dollars; that said bond was never filed and said appeal was never perfected, and that the statutory time for making such an appeal has now expired." Attached to the motion was a copy of the order entered by the Probate court on June 23, 1937:

"This matter, coming on to be heard on the cross petition of the law firm of Hoyne, O'Connor & Rubinkam, and upon the answer filed thereto by Robert Archibald MacArthur, not individually but as executor under the last will and testament of Mary A. Prescott MacArthur, deceased.

"And the court having heard evidence in open court in support of said cross petition and in support of said answer, and the court being now fully advised, and the said law firm of Hoyne, O'Connor & Rubinkam and Robert Archibald MacArthur, as executor, being present in open court and both of said parties being represented by counsel,

"The court finds as follows:

"1. That the law firm of Hoyne, O'Connor & Rubinkam was employed by the said executor immedi-

ately after the death of Mary A. Prescott MacArthur, on January 24, 1934, and performed services for said executor through and including the period ending December 31, 1936.

"2. That said law firm has heretofore been allowed the sum of Thirteen Thousand Five Hundred Dollars on account of their services rendered to said executor up to and including January 21, 1936; that said law firm has been paid the additional sum of Four Thousand Dollars for services rendered to said executor after January 21, 1936.

"3. That the fair and reasonable value for the services rendered by the law firm of Hoyne, O'Connor & Rubinkam to said executor from and after January 21, 1936 is the sum of Four Thousand Dollars.

"It Is Therefore Ordered, Adjudged and Decreed that the payment of Four Thousand Dollars by Robert Archibald MacArthur, as executor, to the law firm of Hoyne, O'Connor & Rubinkam for all services rendered by said attorneys to said executor from and after January 21, 1936, shall be and it is hereby approved and confirmed.

"It Is Further Ordered that the cross petition of the law firm of Hoyne, O'Connor & Rubinkam, requesting an additional payment of Three Thousand Five Hundred Dollars shall be and it is hereby denied.

"It Is Further Ordered that the order heretofore entered directing the executor to segregate and hold as a separate fund the sum of Three Thousand Five Hundred Dollars, pending the disposition of said cross petition, shall be and it is hereby vacated, to the entry of which order the law firm of Hoyne, O'Connor & Rubinkam, by its counsel, Francis W. Peterson, accepts [excepts] and prays an appeal to the Circuit Court of Cook County, which appeal is allowed upon said law firm of Hoyne, O'Connor & Rubinkam filing a bond in the sum of Two Thousand Two Hundred

Fifty Dollars, with surety thereon to be approved by the court.

    "Enter:
      "Harry McEwen
        "Judge of the Probate Court
          "June 23, 1937

"I take exception to the denial of the cross-petition, and this order and pray an appeal therefrom.

          "Francis W. Peterson

"June 27, 1937"

The order in the instant case dismissing count one contains, *inter alia,* the following: "on the ground that said cause of action in said count one is barred by a prior adjudication of the issues."

Defendant's first motion to strike count one was overruled, and plaintiff complains that the trial court should not have permitted defendant to file the second motion to dismiss the count. The order overruling defendant's motion to strike count one contains also the following: "On motion of defendant's attorney it is ordered that time for the defendant to answer the complaint filed herein is extended and leave be and the same is now given the plaintiff to file specifications of his claim within ten days and the defendant be and is hereby required to answer same five days thereafter." Ten days after the entry of the above order plaintiff filed the "Suggestions to the Court Amplifying Complaint at Law in the Above Entitled Cause." After this somewhat novel pleading was filed, defendant, in view of the fact that it amplified the complaint, had a right to plead or again move to strike. Moreover, plaintiff concedes that the second motion was filed by permission of the trial court, and in view of the record and the liberal rules of the new Practice Act there is no merit in plaintiff's contention that the court abused its discretion in permitting defendant to file the second motion.

Plaintiff contends that "an executor's employment of an attorney to represent him regarding estate matters is a personal contract between the executor and his attorney"; that "no claim for such services can be filed by the attorney against the estate and the Probate Court has no jurisdiction to adjudicate the contract rights of the parties." Plaintiff argues that an executor, to avoid personal liability, must "protect himself by having his attorney agree that his fee will not exceed whatever is allowed to be charged against the estate by the Probate Court." While it may be conceded that an executor in the employment of an attorney incurs a personal liability and that the claim of such attorney for fees for services performed in the administration of the estate is, strictly speaking, enforceable against such executor in his individual capacity and not against the estate, nevertheless, it is settled law that the probate court has an undoubted right to allow an executor credit in his account for reasonable attorney's fees paid to an attorney for legal services rendered such executor to enable him to properly and efficiently perform the duties of his office. It has always been the practice in this county for the probate court to exercise that right, and we question if lawyers who perform services for executors or administrators in the administration of estates in the probate court have ever looked to any other source than the assets of the estate for their fees. It is a legal maxim that an attorney must act toward his client with the most scrupulous good faith. Executors and administrators are seldom lawyers, and where an attorney intends to hold an executor or administrator personally responsible for his fee, good faith toward the client would seem to dictate that the attorney should so inform the client at the time the latter seeks his services. If an attorney gave executors or administrators, who sought his services, such information it would follow that he would not be overburdened with

work in the probate court. It must be noted that in the instant case plaintiff is not suing upon an express contract with defendant.

Plaintiff contends that "the defense of *res judicata* requires that the former hearing must have been in a court having competent jurisdiction; that the parties were before the court in the same capacity, and that the issues and the relief sought were identical, whereas in this suit the jurisdiction of the Probate Court was limited and the parties and the issues were not the same as in this Superior Court case." In support of this contention plaintiff argues that "even though a hearing may have been had in the Probate Court of Cook County on the question of attorney's fees, that such a hearing could not be *res judicata* between the parties in this suit. The Probate Court is not a court of competent jurisdiction to determine the value of legal services not charged against the estate and could enter no order that would be binding on the plaintiff herein in this regard. Furthermore, the defendant was in the Probate Court in his capacity as executor whereas in this case he is defending as an individual."

From the pleadings the following salient facts appear: Plaintiff acted as attorney for the executor (defendant) from January 31, 1934, to December 31, 1936; that about January 24, 1936, the probate court appointed a special commissioner to fix and determine the fees of the executor "and Hoyne, O'Connor & Rubinkam, attorneys for said executor, to and including January 24, 1936"; that the commissioner fixed the fees of plaintiff for the said period at $13,500, and the probate judge of Cook county approved the special commissioner's report and the $13,500 was paid plaintiff by the executor out of the assets of the estate. Plaintiff concedes that the $13,500 was in full payment for the said period. Plaintiff rendered additional services from January 24, 1936, to December 31, 1936, and acknowledges that he received $4,000

from the executor on account of such services. He states in one of his pleadings that on December 31, 1936, he was requested by defendant to withdraw as attorney for the executor. Plaintiff then made a claim for an additional $3,500 on account of services rendered from January 24, 1936, to December 31, 1936, and it is a reasonable assumption from the record that the executor refused to pay plaintiff the amount claimed and refused to present a petition to the court in reference thereto. Thereupon plaintiff filed *his* petition in the probate court asking the court to allow *him* the additional sum of $3,500 on account of services rendered the estate during the period last mentioned. The executor filed an answer disputing the claim. Plaintiff, at that time, regarded his claim as one against the estate and was seeking to have it paid out of the assets of the estate. He selected the forum in which to have his claim tried, and after the claim was filed the court, undoubtedly at the instance of plaintiff, entered an order directing the executor to segregate and hold as a separate fund the sum of $3,500 pending the disposition of plaintiff's cross-petition. The probate court found, after a hearing, "that the fair and reasonable value for the services rendered by the law firm of Hoyne, O'Connor & Rubinkam to said executor from and after January 21, 1936 is the sum of Four Thousand Dollars," and ordered that the payment of $4,000 by the executor to said law firm "for all services rendered by said attorneys to said executor from and after January 21, 1936, shall be and it is hereby approved and confirmed," and further ordered that the cross-petition of the said law firm, "requesting an additional payment of Three Thousand Five Hundred Dollars shall be and it is hereby denied." As further proof that plaintiff then regarded his claim as one against the assets of the estate, after the entry of the order by the probate court he excepted to the denial of his cross-petition and prayed an appeal therefrom.

In the instant case, plaintiff's claim against defendant is based upon the theory of fact that he rendered legal services in the probating of the estate during the period from January 31, 1934, to December 31, 1936; that the reasonable, usual and customary charge for such services is $21,000, and that defendant has paid him on account of the said services $17,500, leaving a balance due plaintiff from defendant of $3,500. Plaintiff now argues that neither the doctrine of *res judicata* nor the doctrine of estoppel by verdict applies to the instant case because the probate court had not the power to enter an order that would have any binding effect upon the rights of the plaintiff in the present proceeding. In support of his contention he has cited a number of cases, none of which we deem applicable to the facts of the instant suit. We regard the instant suit, under the particular facts shown by the record, as *sui generis,* and in our opinion it would be a serious commentary upon justice if plaintiff's claim against defendant were to prevail. At the instance of plaintiff the probate court was asked to determine the reasonable value of the services he rendered in the administration of the estate. He was then looking to the estate for payment of his fees. The court had jurisdiction of the subject matter of the petition, and, as we have heretofore stated, had an undoubted right to allow the executor credit in his account for reasonable attorney's fees paid to plaintiff for legal services rendered the executor to enable him to properly and efficiently perform the duties of his office, and it was for the judge of that court to determine the amount that would constitute reasonable fees for such services. While plaintiff in the instant suit seeks a personal judgment against the executor, nevertheless he bases his right to recover upon the reasonable value of the services rendered by him to defendant as executor of the estate. The probate court made a finding as to the reasonable value of his services, and further found that he had been paid in full for such

services. During the entire time that plaintiff acted as attorney of the executor he sought payment for his services out of the assets of the estate, and the $17,-500 that he received in payment of his services came out of said assets. Even after he withdrew as attorney for the executor he did not then assert any claim for fees against Dr. MacArthur personally, but presented to the probate court his cross-petition praying that he be allowed an additional $3,500 fee out of the assets of the estate. The present claim against Dr. MacArthur, personally, is clearly an afterthought. Plaintiff has had his day in court, and by every rule of equity he should be precluded from asserting the instant claim against Dr. MacArthur.

The judgment of the superior court of Cook county should be and it is affirmed.

*Judgment affirmed.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.