INLAND REAL ESTATE CORPORATION, Plaintiff-Appellant, v. LYONS SAVINGS & LOAN, Defendant-Appellee.

Second District   No. 2—86—0281

Opinion filed March 31, 1987.

Harry Golter and Robert S. Solomon, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellant.

Douglas Drenk and David Drenk, both of Guerard & Drenk, Ltd., of Wheaton, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Inland Real Estate Corporation, appeals from the dismissal of its complaint against defendant, Lyons Savings and Loan, an Illinois savings and loan corporation.

Plaintiff raises the following issues for review: (1) whether the trial court can properly consider additional motions to dismiss once it has denied a motion to dismiss, (2) whether the motions to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) raise factual issues in defense which conflict with the well-pleaded facts in the complaint thereby precluding dismissal under a section 2—619 motion, and (3) whether an affidavit filed with one of the motions to dismiss was conclusory and should have been stricken.

Plaintiff's complaint alleges that in October 1983, plaintiff negotiated for a $3,750,000 line of credit by applying for a loan with two mortgage brokers, B. A. Mortgage Company of Chicago and G. H. Graff and Associates, Inc.; that plaintiff agreed to pay each mortgage broker 1% of the amount of the line of credit if a loan commitment was obtained; and that plaintiff would pay the lender of such a loan an additional 1% of the commitment amount. It also alleges that defendant obtained plaintiff's application from these mortgage brokers and issued a commitment letter dated November 1, 1983. It further alleges that certain modifications were negotiated and incorporated into the commitment by a letter from defendant dated November 4, 1983; that plaintiff accepted the commitment on November 10, 1983; that defendant confirmed its acceptance on or about November 15, 1983, as indicated by a letter from one of the mortgage brokers attached to the complaint; and that plaintiff paid $37,500 to each mortgage broker and $37,500 to defendant for the issuance of the loan commitment. Both the commitment letter and the modifying letter were attached to the complaint. Plaintiff alleges that these two attachments constitute the entire agreement between the parties concerning the $3,750,000 commitment for a line of credit.

Plaintiff also alleges in the complaint that it drew $1,250,000 on the line of credit in May 1984; that several other requests for draws on the remainder of the line of credit were made by plaintiff but were rejected by defendant; that the commitment was to remain in full force for one year from the date of acceptance, November 10, 1983;

that on October 22, 1984, plaintiff advised defendant that it was in need of a draw of $1,995,000 on the line of credit; that plaintiff, on November 9, 1984, provided defendant "with all documents and materials necessary and required to fund" the loan and performed "all things required to be performed pursuant to the commitment" to obtain the loan; and that defendant failed and refused to fund the loan. Plaintiff then alleges that defendant was unable to meet certain government regulations to be able to fund the entire $3,750,000 commitment; that defendant, knowing of its inability to fund the loan, did not inform plaintiff of this inability; that this failure to advise created a failure of consideration entitling plaintiff to a refund of the commitment fee paid; and that the defendant's failure to fund the latest draw request defeated the entire purpose of the total commitment, damaging plaintiff in the amount of the commitment fee paid.

The letter of commitment purportedly issued by defendant on November 1, 1983, attached as "Exhibit A" to the complaint, indicates, in pertinent part, that defendant agreed to furnish a $3,750,000 line of credit to be used to fund second and third mortgages for plaintiff, that this line of credit would be available for 12 months from the date of acceptance, that plaintiff would pay a $37,500 fee for the 12-month term and an additional $37,000 fee for a once-only 12-month extension of the time period if it chose, that each funding on the line of credit was subject to the submission of an MAI appraisal acceptable to defendant, and that this offer only was open until November 3, 1983. Plaintiff's acceptance of this commitment is purported to be indicated by a letter dated November 4, 1983, written to a mortgage company by defendant, attached as "Exhibit B" to the complaint, which included modifications to defendant's offer and an acknowledgement of the $37,500 commitment fee. "Exhibit C" to the complaint is purported to be an acknowledgement of the existence of the line of credit agreement.

Defendant filed a motion to dismiss under section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) contending that plaintiff was barred from recovery as it failed to request the funds within the time period provided for in the agreement. Specifically, the motion asserts that the line of credit agreement governing the transaction was entered into on May 9, 1984, that this line of credit was available only until November 1, 1984, that the agreement required a 30-day notice prior to the request for funds, that plaintiff did not give the proper 30-day notice prior to the expiration of the credit period, and that the required documentation was not provided by plaintiff until after the time period had ex-

pired. This motion was supported by the affidavit of William Hale. The affidavit asserted that Hale is the in-house counsel for defendant and that the line of credit agreement, attached to the affidavit and dated May 9, 1984, embodied the terms and conditions of the line of credit established for plaintiff by defendant. The form of this agreement does not resemble the agreement attached to plaintiff's complaint.

The trial court granted plaintiff's motion to strike the Hale affidavit and allowed defendant 14 days to file an amended affidavit. The court also set the hearing date on defendant's motion to dismiss for June 3, 1985. On May 21, 1985, defendant filed the amended affidavit of Hale. It was alleged that the facts alleged therein were within his personal knowledge and that the documents attached to the affidavit were business records of defendant kept in the ordinary course of business. Attached to this second Hale affidavit was, again, the "Line of Credit Agreement" along with seven other documents asserted to be business records of defendant which pertained to the credit agreement at issue between plaintiff and defendant.

On May 24, 1985, defendant filed a second section 2—619(a)(9) motion to dismiss contending that, as plaintiff failed to comply with a condition precedent of the letter of commitment requiring plaintiff to submit to defendant an acceptable MAI appraisal of the property for which the funds would be used, the complaint should be dismissed, apparently because the agreement relied upon by plaintiff in the letter of commitment ceased to exist. Attached to this motion was the affidavit of Michael Maslanka, vice-president of the commercial real estate division with defendant and defendant's chief real estate appraiser. Maslanka asserted in the affidavit that the MAI real estate appraisal submitted by plaintiff was rejected in October or November 1984 because the appraisal was premised on incorrect and improper information, including the utilization of the wrong definition of "market value." Also attached was a portion of this appraisal and defendant's definition of "market value."

On the same day, defendant filed a third section 2—619(a) motion to dismiss. This third motion set forth three reasons for the dismissal of the complaint: the failure to attach the entire and relevant documents to the complaint; the omission of language in the letter of commitment attached to the complaint; and the failure to timely forward the necessary documents to defendant to qualify for the funding. No affidavit was attached to this motion although it referred to the documents attached to the Hale affidavit.

On June 3, 1985, plaintiff filed another motion to strike the sec-

ond Hale affidavit, arguing that it was both conclusory and insufficiently supported with facts to serve as the foundation for submitting the exhibits attached to the affidavit. The trial court heard the arguments of the parties on plaintiff's motion to strike the Hale affidavit followed by arguments on defendant's second motion to dismiss the complaint for failing to comply with a condition precedent of the agreement. Plaintiff appeared to object to proceeding on this motion as it was not the first motion to dismiss filed, but proceeded anyway. The court denied the motion to strike the affidavit and granted defendant's motion to dismiss, finding that plaintiff failed to comply with a condition precedent to the agreement.

On June 21, 1985, however, plaintiff filed a motion to vacate and reconsider the June 3 order. It argued that defendant should be estopped from asserting the alleged failure of the condition precedent because defendant accepted other nonconforming appraisals on other occasions and because defendant did not originally refuse to fund the loan for this reason. Attached to this motion was the affidavit of Raymond Petersen, a vice-president with plaintiff, who asserted that he arranges the financing for plaintiff, that defendant never notified him that the appraisal was unsatisfactory, and that the letter received rejecting plaintiff's funding request, also attached to the affidavit, did not state that the reason was an unacceptable MAI appraisal but specified three other reasons.

After the submission of memoranda and the presentation of arguments on this motion on September 5, 1985, the trial court vacated its June 3 order, denied defendant's second motion to dismiss, and continued the motion to strike the Hale affidavit for further consideration. Plaintiff then filed responses to the remainder of defendant's motions in which it argued that defendant waived consideration of the two remaining motions to dismiss by proceeding on one, that the remaining motions are contradictory and are based on insufficient information, and that the Hale affidavit should be dismissed. Thereafter, on February 10, 1986, although no transcript of a hearing was made part of this record, the trial court dismissed plaintiff's complaint with prejudice without specifying which motion was granted. Plaintiff's subsequent motion requesting the trial court to state which of the two motions to dismiss was granted on February 10 was denied.

We initially consider plaintiff's contention, presented without citation of authority, that it was improper for the trial court to consider defendant's remaining section 2—619 motions to dismiss once it had denied one of defendant's section 2—619 motions to dismiss. Plaintiff further argues that the second and third motions to dismiss were filed

without leave of court, that these two motions were filed beyond the time for pleading, and that none of the motions were consolidated.

■ Section 2—620 of the Code of Civil Procedure provides that "[t]he form and contents of motions, notices regarding the same, hearings on motions, and all other matters of procedure relative thereto, shall be according to rules." (Ill. Rev. Stat. 1985, ch. 110, par. 2—620.) The supreme court rules, however, do not specifically address all the objections plaintiff raises to the procedure followed below. When a motion is filed within the time for pleadings, Supreme Court Rule 181(a) does provide, however, that "another appropriate motion" shall be filed within the time the court directs in the order disposing of the motion. (87 Ill. 2d R. 181(a).) As the Code of Civil Procedure is to be liberally construed to speedily and finally reach an end to the controversy according to the substantive rights of the parties (Ill. Rev. Stat. 1985, ch. 110, par. 1—106), Rule 181(a) clearly demonstrates that additional motions to dismiss can be filed with the trial court. We believe that as the practice of filing of multiple section 2—619 motions to dismiss is not prohibited by the supreme court rules, it was within the trial court's discretion to consider multiple motions for dismissal and to permit the filing of subsequent motions to dismiss beyond the initial time for pleading. (See, *e.g.*, *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 253-54, 433 N.E.2d 1350; *Rubinkam v. MacArthur* (1939), 302 Ill. App. 71, 79, 23 N.E.2d 348; *Municipal Employees Insurance Association v. Taylor* (1939), 300 Ill. App. 231, 236-37, 20 N.E.2d 835.) The other objections to the motion procedure utilized below are without merit, and, furthermore, plaintiff has not shown any prejudice resulting from the practice of presenting and ruling on defendant's motions. See *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 253, 433 N.E.2d 1350.

■ Next, we consider plaintiff's argument that all of defendant's section 2—619 motions to dismiss raise factual issues constituting defenses which conflict with well-pleaded facts in the complaint rather than raising affirmative matter, thereby precluding dismissal pursuant to a section 2—619 motion. Plaintiff further maintains that as the affirmative matters asserted in the two remaining motions to dismiss the complaint do not negate the alleged cause of action completely, the challenge presented in the motions is actually to the factual sufficiency of the complaint and cannot be brought pursuant to section 2—619.

The purpose of section 2—619 is primarily that of affording a

means of obtaining at the outset of a case a summary disposition of issues of law or of easily proved issues of fact, with a reservation of jury trial as to disputed questions of fact. (See Ill. Ann. Stat., ch. 110, par. 2—619, Historical & Practice Notes, at 662 (Smith-Hurd 1983); see also *Dangeles v. Marcus* (1978) 57 Ill. App. 3d 662, 667, 373 N.E.2d 645.) Subsection (a)(9) provides as a ground for dismissal "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).) Although the affirmative defenses delineated in section 2—619 are not exclusive, where the "affirmative matter" is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint, section 2—619 should not be used. *Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 710, 425 N.E.2d 1174; *Connelly v. Estate of Dooley* (1981), 96 Ill. App. 3d 1077, 1082, 422 N.E.2d 143; *Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 667, 373 N.E.2d 645.

All three of defendant's section 2—619 motions to dismiss raised defenses to plaintiff's cause of action based on the pleadings and exhibits attached to the complaint showing the existence of a letter of commitment to fund a line of credit in return for a certain fee. Defendant's motions asserted defenses that plaintiff failed to request the funds within the time period provided for in the agreement, that plaintiff failed to comply with a condition precedent of the letter of commitment requiring plaintiff to submit an acceptable appraisal, that plaintiff failed to timely forward the necessary documents to defendant to qualify for funding, that plaintiff failed to attach to its complaint the entire agreement and relevant acceptance and approval endorsement, and that the letter of commitment attached to the complaint omits relevant language. These defenses raise factual issues attacking the allegations in the complaint which should not be resolved by a section 2—619 motion to dismiss.

Defendant contends for the first time on appeal that, although it never moved to dismiss the complaint pursuant to section 2—615 (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) below, the dismissal of plaintiff's complaint should be affirmed because plaintiff wholly failed to state a cause of action in its complaint. Defendant argues that the complaint is deficient in several respects and maintains that the sufficiency of a complaint which wholly and absolutely fails to state a cause of action may be raised for the first time on appeal.

Section 2—612(c) provides that "[a]ll defects in pleadings, either in form or substance, not objected to in the trial court are waived." (Ill. Rev. Stat. 1985, ch. 110, par. 2—612(c); see *O'Brien v.*

*Township High School District 214* (1980), 83 Ill. 2d 462, 466, 415 N.E.2d 1015.) It has been stated, however, that an exception to this waiver rule exists if it appears as a matter of law that a complaint wholly fails to state a cause of action. (See, *e.g.*, *Torres v. Divis* (1986), 144 Ill. App. 3d 958, 967, 494 N.E.2d 1227; *People ex rel. Difanis v. Futia* (1978), 56 Ill. App. 3d 920, 925, 373 N.E.2d 530; Ill. Ann. Stat., ch. 110, par. 2—612, Historical & Practice Notes, at 299 (Smith-Hurd 1983); see also *Lasko v. Meier* (1946), 394 Ill. 71, 73-75, 67 N.E.2d 162.) Even assuming the complaint here imperfectly states a cause of action, the allegations of the complaint do not wholly and absolutely fail to state any cause of action to warrant a dismissal when raised for the first time on appeal.

Plaintiff's complaint alleges the existence of the line of credit agreement and attaches the documents purported to represent the terms and conditions of the contract, defendant's breach by refusing to fund a loan request under the contract, plaintiff's performance of all its conditions including the fee payment and submission of the required documents, and the existence of damages suffered as a result of defendant's breach. A factual situation would appear to be presented in which plaintiff's refusal to fund a loan pursuant to a line of credit agreement was a breach of that agreement. Likewise, although plaintiff failed to set forth the specific governmental regulations defendant was alleged to not have complied with, this is merely a technical defect and not a defect in substance, which, if raised below, could have been corrected by an amended pleading. The reasonable inferences flowing from this complaint present a sufficient factual situation on which to base the cause of action, and any formal defects could have been corrected by an amended pleading. It does not appear that no set of facts could be proved under this pleading which would entitle plaintiff to the requested relief.

For the foregoing reasons, the judgment of the circuit court dismissing plaintiff's complaint is reversed, and the cause is remanded for further proceedings. In view of this disposition of the case, it is unnecessary to determine the further issue raised by plaintiff on appeal concerning the sufficiency of the second Hale affidavit filed with one of defendant's motions to dismiss.

Reversed and remanded.

UNVERZAGT and INGLIS, JJ., concur.