JOSEPH D. HRUBOS *et al.*, Plaintiffs-Appellants, v. CHARLES K. HELFRICK *et al.*, Defendants-Appellees (Roy Pryce *et al.*, Defendants).

First District (1st Division) No. 1—90—0784

Opinion filed September 30, 1991.

Law Offices of Michael D. Richman and Harold I. Levine, Ltd., both of Chicago (Michael D. Richman and Harold I. Levine, of counsel), for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Kevin R. Sido, and Terrence K. McGrath, of counsel), for appellees.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

On February 9, 1986, plaintiffs Joseph D. Hrubos and Lisa M. Hrubos entered into a contract to purchase real estate in Barrington Hills from Ray and Myra Pryce. Defendant Charles K. Helfrick, a real estate broker with Re-Max of Barrington, was hired by the Pryces to act as their broker in this transaction. As part of defendant's compensation, the Pryces agreed to convey a portion of their land to him. Defendant held title to land that adjoined the south property line of the land which the plaintiffs were purchasing. The plaintiffs were not

aware of the compensation arrangement between defendant and the Pryces.

Under the real estate contract between plaintiffs and the Pryces, plaintiffs were to receive "not less than 15 acres." The Pryces provided plaintiffs with a legal description for the property at the closing, but they did not provide a survey. The plaintiffs and their attorney agreed to close without a survey and with the legal description supplied by the Pryces. After the closing, defendant was conveyed the portion of land agreed to by the Pryces in the amount of .0188 acre. Defendant subsequently recorded his deed to this land.

After the closing, the legal description used was sent to a surveyor in Park Ridge to provide a survey. The Park Ridge surveyor determined that the legal description used for the closing did not correspond to his survey. Defendant advised the Pryces' attorney of this discrepancy, and after consulting him, defendant contacted the Park Ridge surveyor, who provided a survey based on the original legal description used at the closing. That survey indicated that 14.9812 acres were conveyed from the Pryces to the plaintiffs. Defendant supplied the plaintiffs, their bank and the Pryces' attorney with a copy of the survey prepared by the Park Ridge surveyor.

Subsequently, plaintiffs called defendant regarding the deficiency. Defendant then informed plaintiffs that the Pryces had conveyed the balance of the property to him as part of his commission. Defendant agreed to convey the property back to plaintiffs and asked the Pryces' attorney to prepare the appropriate documents. The attorney did not prepare the documents. About April 16, 1987, defendant tendered to plaintiffs a warranty deed conveying back the land which he had received from the Pryces.

The plaintiffs retained counsel after receiving the deed from defendant, and on July 9, 1987, counsel for plaintiffs sent a letter to defendant advising him that the deed was unsatisfactory to counsel and that:

> "1. The deed must be accompanied by an opinion of title from a recognized title company showing good title in the grantor free and clear of any unpermitted contract exceptions.
>
> 2. A correct survey must be submitted, certified after the date of the deed.
>
> 3. We also require a written undertaking from from [sic] your client that the acceptance and recording of the deed is without prejudice to the right of my client to any claim at law or in equity arising out of this transaction; and that the accept-

ance and recording will not be raised as a defense to any action."

In response to counsel's letter, on October 25, 1987, defendant wrote a letter to plaintiffs' attorney that stated:

"The deed was conveyed in full satisfaction of any complaints on the part of [plaintiff against defendant] and acceptance and recordation of the deed is intended to constitute full payments for any and all complaints [plaintiffs] have against [defendant]. In the event [plaintiffs] are not satisfied, the deed is to be returned and not to be placed of record."

Plaintiffs did not return the deed, nor did they record it. Instead, on January 5, 1988, they filed a five-count suit in the chancery division against defendant. Count I sought equitable relief in the form of (a) an injunction; and (b) alternatively, to allow plaintiffs to record the deed without prejudice. Count II alleged common law fraud. Count III sought recovery on the loss of bank credit; count IV sought relief based on interference with prospective economic advantage; and count V alleged violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*).

On January 28, 1988, plaintiffs filed a motion for leave to record the deed from defendant "without prejudice." Plaintiffs' motion was heard by Judge Siegan on June 1, 1988, and the court granted plaintiffs' motion, but ruled that the recording of the deed would be without prejudice to the rights of either plaintiffs or defendant.

On September 27, 1988, defendant filed a motion to dismiss and an affidavit in support of his motion. The letter dated October 25, 1987, which he sent to plaintiffs was attached to the motion. Defendant claimed that his conveyance of the warranty deed to plaintiffs and their retention of that deed after receiving the October 25, 1987, letter resulted in an "accord and satisfaction" of all claims in the complaint. Plaintiffs filed an affidavit in response to defendant's motion to dismiss. Plaintiffs asserted that not all the necessary elements for common law accord and satisfaction were present, and that if an accord and satisfaction were consummated this would not affect the common law and statutory counts of the complaint. Judge Siegan did not rule on the motion, but the motion was heard by Judge Curry.

On November 27, 1989, Judge Curry heard defendant's motion to dismiss and granted his request. The court stated:

"Is it at all feasible that anyone would give up a piece of property to settle less than the whole claim?

\* \* \*

Is it reasonable he would give it up and say, 'Sure, go ahead

and sue me, anyway. I'll give you the rest of this property free and clear, but you go ahead and sue me, because *** it just doesn't happen. Human experience tells you people don't act like that.

\* \* \*

What he has is an accord and satisfaction, pure and simple. *** The shortage made up, and communication which says; 'I'm going to tender you this land; here's a property that goes with your 14,988 [*sic*] acres. If you don't want this to settle our claims, our dispute, then send it back to me.' "

On December 26, 1989, plaintiffs filed a post-judgment motion for reconsideration. This motion was supported by affidavits from plaintiffs, in addition to the transcript of proceedings from the November 27, 1989, order. A hearing was held and Judge Curry denied that motion. Judge Curry determined that

"[t]he original sale for 14,999 [*sic*] acres went down in the most informal process imaginable. *** There was no survey. There were no title searches. The contract talked about approximately 15 acres and things like that. When he sought to remedy the infinitesimal amount of shrinkage on the conveyance, all of a sudden we are talking about surveys and title reports and what-have-you for .12 [*sic*] acres.

\* \* \*

When the counter proposal came back, here is the shrinkage under a deed as cavalierly executed as the one you took from the bigger portion. Take it and settle this claim or send it back and have a claim. And for the plaintiff to attempt to have his cake and eat it too is going to be prospects that I don't think the Court should be encouraging.

\* \* \*

Whether this is accord or a satisfaction or whether it is election of remedies isn't really material. I don't care what you call it. It is—he got what he was looking for. And you can't have a cause of action beside it."

Plaintiffs now appeal to this court and argue that the trial court erred in: (1) dismissing their complaint based on a finding of an accord and satisfaction; (2) in declining to follow the June 1, 1989, order entered by the court; (3) in dismissing rather than transferring their complaint for an alleged lack of equity; and (4) in relying on the doctrine of election of remedies to uphold the dismissal.

■ An accord is an agreement or settlement of an existing dispute, controversy or demand which presupposes a disagreement as to

the amount due. (*Sherman v. Rokacz* (1989), 182 Ill. App. 3d 1037, 538 N.E.2d 1259.) It is an affirmative defense, and the defendant has the burden of proving all its elements. The elements necessary are: (1) a *bona fide* dispute; (2) an unliquidated sum; (3) consideration; (4) a shared or mutual intent to compromise the claim; and (5) execution (or satisfaction) of the accord. *Koretz v. All American Life & Casualty Co.* (1968), 102 Ill. App. 2d 197, 243 N.E.2d 586.

In this case, the trial court granted defendant's motion to dismiss based upon defendant's affirmative defense of accord and satisfaction pursuant to section 2—619 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619.) Subsection (a)(9) provides a ground for dismissal based on the fact "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." *Inland Real Estate Corp. v. Lyons Savings & Loan* (1987), 153 Ill. App. 3d 848, 506 N.E.2d 652.

Plaintiffs argue that several elements of the accord were not met. They contend that there was no meeting of the minds or intent to compromise as required. They also maintain that when defendant tendered the deed to them he did not indicate that the conveyance of the deed would operate as a complete release or final satisfaction of the claim or cause of action against him. Plaintiffs further assert that their letter dated July 7, 1987, placed defendant on notice that acceptance of the warranty deed from him was conditional, and that he failed to comply with those conditions. Plaintiffs, therefore, maintain that the accord was never satisfied.

In reviewing defendant's affidavit, it indicates that he communicated the discrepancy in the land conveyed to plaintiffs and that plaintiffs stated that the discrepancy was inconsequential. Defendant offered to convey the fraction of the land to make up the difference and plaintiffs agreed to accept the deed. On April 16, 1987, defendant delivered the warranty deed to plaintiffs.

Subsequent to receiving the deed, plaintiffs retained counsel who sent a letter to defendant dated July 9, 1987, in which counsel expressed that the delivery of the deed was unsatisfactory. That letter further advised defendant that the deed would be accepted only if the conditions set forth in the letter were met. Defendant responded by letter on October 25, 1987. Defendant advised plaintiffs' attorney that the deed had been tendered in full satisfaction of any complaint that plaintiffs had against defendant or codefendant, and that recordation of the deed was intended to constitute full payment. He also advised plaintiffs that the deed should be returned and not recorded if plaintiffs were not satisfied. Defendant's affidavit further stated that his

original agreement with plaintiffs was that the conveyance of the deed was in full satisfaction of all claims against him or codefendant.

■ It is clear from the record that a *bona fide* dispute existed between the parties as to whether conveyance of the deed would constitute full satisfaction of all claims. Further, in consideration of plaintiffs' release of all claims, defendant agreed to tender the warranty deed to cover the deficiency. Defendant's October 25, 1989, letter advised plaintiffs that they should return the deed if they were not satisfied. Plaintiffs never returned the deed. Instead, plaintiffs filed a motion for leave to record the deed without prejudice, which motion was granted. However, they never recorded it and held it for several months.

The accord in this case was plaintiffs' agreement to accept a warranty deed covering the deficient amount of land. The warranty deed was delivered and accepted without being returned. It is the doing of the thing agreed upon that constitutes satisfaction of the accord. *Sherman v. Rokacz* (1989), 182 Ill. App. 3d 1037, 1045, 538 N.E.2d 1259.

Plaintiffs' claim that there was no meeting of the minds is not supported by the record. Plaintiffs' affidavit does not assert that no agreement existed; it simply alleges that the terms of the agreement were not as alleged by defendant. Further, the July 7, 1987, letter from plaintiffs' attorney to defendant was sent to defendant after the deed had been tendered. Thus, they could have returned the deed to defendant and brought suit. Moreover, in granting defendant's motion the court held that "clearly and simply, this is an accord and satisfaction."

We cannot say that the trial court abused its discretion in granting defendant's motion to dismiss. Having found that the trial court did not abuse its discretion in finding that an accord and satisfaction existed, we need not address the other issues raised in this appeal.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.