No. 2--96--1235

_________________________________________________________________

                             IN THE

                  APPELLATE COURT OF ILLINOIS

                         SECOND DISTRICT

_________________________________________________________________

In
 
re
 ESTATE OF LENA CASTRO,    )  Appeal from the Circuit Court

Deceased                        )  of Du Page County.

  )

                                )  No. 94--P--973

(The Department of Public Aid,  )

Petitioner-Appellant, v.        )

David Castro, Adm'r of the  )  Honorable

Estate of Lena Castro, Deceased,)  John W. Darrah,

Respondent-Appellee).           )  Judge, Presiding.             _________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

The petitioner, the Illinois Department of Public Aid (the Department), filed this claim against the estate of Lena Castro (the estate) to recover for medical benefits paid for by the Department while the decedent resided in a nursing home.  The trial court denied the claim finding that settlement proceeds paid by the nursing home to the estate in connection with an injury sustained by the decedent in the nursing home were exempt under section 3--605 of the Nursing Home Care Act (Act) (210 ILCS 45/3--605 (West 1994)).  The trial court further found that the Department's claim was barred because it had accepted full settlement of all claims.  The Department appeals.

The record reveals that Lena Castro was born on November 17, 1909, and died on April 5, 1994, at the age of 84.  During the six years prior to her death, the decedent was an inpatient in a nursing home.  During that time, the Department made direct medical payments of $105,273 for her care.  Following Lena's death, her estate received funds from the nursing home where Lena was a resident as settlement for an injury that she sustained in the nursing home.

On July 28, 1994, the Department wrote a letter to the attorney for the estate advising him that the Department had paid $208.68 of "medical and/or financial assistance" on the decedent's behalf "from August 10, 1993 through August 10, 1993."  The letter further advised that because of payment delays with the State of Illinois, the amount listed might not be the total amount expended on behalf of the client and that the attorney should contact the Department at the time of settlement for an updated amount.

On October 21, 1994, the attorney for the estate sent the Department a letter with a check enclosed in the amount of $208.68.  The check did not contain a restrictive endorsement, but the accompanying letter referenced the Department's case number and stated that the check was being tendered in "full and final payment of the lien from Medicaid in this matter."

On October 19, 1994, the estate was opened and Lena's son, David Castro, was named independent administrator.  On December 16, 1994, the Department filed a claim against the estate for $105,273.02 for medical payments made for the benefit of Lena.  By agreement of the parties, the claim of the Department was allowed as a sixth-class claim.  Thereafter, the case was assigned to a different judge.  The estate eventually moved to vacate the order allowing the claim, arguing that it had affirmative defenses to the claim and that it had mistakenly thought the previous order meant the claim could be filed not that it was allowed.  The estate's motion to vacate was granted.

Following a hearing on the validity of the Department's claim, the trial court disallowed the claim.  In so doing, the court found that (1) the "proceeds/damages received by the estate are exempt" under section 3--605 of the Nursing Home Care Act; and (2) the Department had accepted $208.68 in full settlement of all claims.

On appeal, the Department first argues that the exemption in section 3--605 of the Act does not apply.

Section 3--605 of the Act provides:

"The amount of damages recovered by a resident in an action brought under Sections 3--601 through 3--607 shall be exempt for purposes of determining initial or continuing eligibility for medical assistance *** and shall neither be taken into consideration nor required to be applied toward the payment or partial payment of the cost of medical care or services available under 'The Illinois Public Aid Code'."  210 ILCS 45/3--605 (West 1994).

The Department contends that the above-quoted exemption does not apply because (1) damages were not recovered by a "resident," in particular the decedent, but rather by her estate, since she was deceased at the time of settlement; and (2) no "action" was ever brought under the Nursing Home Care Act.

The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature.  
Hernon v. E.W. Corrigan Construction Co.
, 149 Ill. 2d 190, 194 (1992).  In determining legislative intent, courts should consider first the statutory language.  
Hernon
, 149 Ill. 2d at 194.  It is of course true that the words used in a statute should be given their plain and commonly accepted meaning but where the spirit and intent of the General Assembly in enacting a statutory provision are clearly expressed and its objects and purposes are clearly set forth, courts are not bound by the literal language of a particular clause which would defeat the obvious intent of the legislature.  
People v. McCoy
, 63 Ill. App. 3d 40, 45 (1976).  In construing a statute, courts will presume the legislature did not intend an absurdity, inconvenience, or injustice.  
Menoski v. Shih
, 242 Ill. App. 3d 117, 122 (1993).  

Applying the above-mentioned principles, we find that the trial court properly found that the settlement proceeds paid to the estate were exempt from the Department's claim against the estate.  To allow an exemption for settlement funds paid to a nursing home resident only if she survives the date of settlement would be an unjust if not an absurd result.  We find that the legislature clearly intended for the exemption to apply in situations such as the present one where the resident does not survive the date of the settlement and the proceeds are paid to the estate.  The Department argues that the heirs of the estate should not enjoy the benefit of not having to make medical payments on behalf of the decedent and also keep settlement proceeds exempt from the Department's claim.  The Department's argument ignores the fact that the same argument could be made that the recipient of aid should reimburse the Department.  However, the legislature has determined that such funds are exempt.  The result urged by the Department would defeat the purpose of the Nursing Home Care Act because elderly residents might forego vindicating their claims if the Department could apply funds obtained from a settlement which ended up in their estates following their deaths.

Likewise, we find that the statute does not require the formality of the filing of a lawsuit.  As the trial court noted, it would be "extremely perfunctory" to require the filing of a lawsuit to take advantage of the exemption as opposed to settling the claim.  We find that such a result would be unjust and would violate the public policy of this State favoring the peaceful out-of-court compromise and settlement of claims.  See 
Bowers v. Murphy & Miller, Inc.
, 272 Ill. App. 3d 606, 609 (1995).

The Department contends that the record does not indicate that any claim the decedent might have had against the nursing home could have been brought under the Nursing Home Care Act.  We disagree.

The Department essentially conceded at the hearing that the decedent was injured in a nursing home, that the nursing home paid a settlement for those injuries, and that the decedent could have recovered under a common-law negligence theory.  Sections 3--601 and 3--602 of the Act provide that a nursing home is liable to a resident to pay triple damages for any negligent act or omission of its agents or employees that injures the resident.  210 ILCS 45/3--601, 3--602 (West 1994).  Given that a claim can be brought under the Act for injuries negligently caused by a nursing home, we find no merit to the Department's argument.

The petitioner next argues that, assuming 
arguendo
 the exemption applies, the trial court erred in disallowing the Department's claim because section 3--605 provides only that the proceeds from the settlement cannot be applied to the Department's claim, not that the Department cannot make a claim.  In other words, the Department argues, it should be allowed to assert its claim against the estate if there are any other assets in the estate aside from the settlement proceeds.

Section 5--13 of the Illinois Public Aid Code provides in relevant part that the amount expended by the Department for medical assistance to a person who is an inpatient in a nursing facility shall be a claim against the estate.  305 ILCS 5/5--13 (West 1994).  The term "estate" means all real and personal property and other assets included within a person's estate including any other real and personal property and other assets in which the deceased person had any legal title or interest at the time of his or her death.  305 ILCS 5/5--13 (West 1994).

In the instant case, the petition for letters of administration listed the approximate value of the estate as $250,000.  The record on appeal does not indicate the amount of the settlement proceeds paid by the nursing home to the estate, nor does the record indicate whether there are any assets in the estate that are not attributable to the settlement.  We believe that the Department is correct in its contention that the statute would allow it to make a claim against assets of the estate not attributable to the settlement.  Given that the decedent was an elderly woman living in a nursing home at the time of her death, it is likely that the amount of assets in the estate are entirely attributable to the settlement.  If that turns out to be the case, the Department's claim should be denied.  However, if there are other assets in the estate, the claim should be allowed and the Department would be entitled to proceed with a claim against those assets.  Since we are unable to make that determination on the record before us, the cause must be remanded for further proceedings to determine if there are other assets to which the Department would be entitled to make a claim.

Lastly, the Department argues that the trial court erred in finding that the Department accepted $208.68 in full settlement of its $105,273.02 claim.  In response, the estate argues that the trial court's finding was proper based on the doctrines of accord and satisfaction, release, and estoppel.

An accord and satisfaction is an affirmative defense, and the proponent of the affirmative defense has the burden of proving all of its elements.  
Hrubos v. Helfrick
, 220 Ill. App. 3d 787, 791 (1991).  The necessary elements for an accord and satisfaction are (1) a 
bona
 
fide
 dispute; (2) an unliquidated claim; (3) consideration; (4) a shared or mutual intent to compromise the claim; and (5) execution or performance of the accord.  
Hrubos
, 220 Ill. App. 3d at 791.  In other words, where parties honestly dispute an amount owed and due between them and the debtor tenders a check with the explicit understanding of both parties that the check is in full payment of all demands, the acceptance and negotiation of the check is an accord and satisfaction, if the creditor takes the check with notice of the condition upon which the check is tendered.  
A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.
, 243 Ill. App. 3d 905, 911 (1993).

Here, the Department's letter informed the attorney for the estate that $208.68 was due for medical assistance rendered to the decedent from August 10, 1993, through August 10, 1993.  The letter further stated that the amount to be paid to the Department was subject to change and that the Department should be contacted for an updated amount at the time of settlement.  Under these facts, we find that there was no 
bona
 
fide
 dispute at the time the check was tendered by the attorney for the estate.  The Department had never stated the final amount and its letter references only one day of service.  When the Department negotiated the check for $208.68, it could have reasonably assumed that the check was being tendered for all claims relating to that one day of service and not for the medical service rendered to the decedent during the six years she was an inpatient at a nursing home.  Under the circumstances, we do not find that an accord and satisfaction occurred.

Turning to the issue of whether the negotiation of the check by the Department constituted a release, we note that a release is a contract by which a party abandons a claim to the other party against whom the claim exists.  
Central Production Credit Ass'n v. Hans
, 189 Ill. App. 3d 889, 899 (1989).  The interpretation of a release is governed by the principles of contract law.  
Central Production Credit Ass'n
, 189 Ill. App. 3d at 899.

In the present case, the only document that arguably could be considered a release was the October 21, 1994, letter from the attorney for the estate to the Department.  However, that document was not signed by the Department and was not a contract.  Moreover, the document did not state that it was a release.  Accordingly, we find that the document did not constitute a release of the Department's claim against the estate.

Lastly, we consider whether the Department should have been estopped from asserting its claim against the estate.

An estoppel is an impediment or bar to the assertion of a right, arising as a result of a man's own act.  
Byron Community Unit School District No. 226 v. Dunham-Bush, Inc.
, 215 Ill. App. 3d 343, 348 (1991).  The doctrine of estoppel is invoked to prevent fraud and injustice.  
Dunham-Bush, Inc.
, 215 Ill. App. 3d at 348.  The test is whether, under all the circumstances of the particular case, conscience and honest dealing require that a party be estopped.  
Dunham-Bush, Inc.
, 215 Ill. App. 3d at 348.  Estoppel arises when a party, by his words or conduct, intentionally or through culpable negligence, induces reasonable reliance by another on his representations and thus leads the other, as a result of that reliance, to change his position to his detriment.  
Zink v. Maple Investment & Development Corp.
, 247 Ill. App. 3d 1032, 1039 (1993).  While an intent to mislead is not necessary, reliance by the party asserting the defense must be reasonable.  
Zink
, 247 Ill. App. 3d at 1039.

Applying the above-mentioned criteria, we find that the estate failed to prove the elements of estoppel.  In particular, there is no evidence that the estate reasonably relied on any representations of the Department to the detriment of the estate.  First, it was not reasonable for the estate to assume that it was settling the entire claim.  Second, the estate did not rely on the Department's negotiation of the check to its detriment, since the estate distributed the funds in the estate after the Department filed its claim in this case.

For the foregoing reasons,  we affirm the trial court's finding that the exemption in section 3--605 of the Nursing Home Care Act prevented the Department from applying any of the proceeds of the settlement towards its claim.  However, we reverse the portion of the trial court's judgment which implicitly found that the Department was not entitled to maintain a claim against any other assets that might be a part of the estate.  We also reverse the trial court's finding that the Department settled the claim by negotiating the check for $208.68.  

Accordingly, the judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

RATHJE and HUTCHINSON, JJ., concur.